IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FARHAN KHAN,** | ) | CASE NO. 8:07CV29 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **ALBERTO GONZALES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Motion to Dismiss or, in the alternative, Motion to Remand (Filing No. 14) filed by the Defendants, Alberto Gonzales, United States Attorney General, *et al.* ("Defendants"). Plaintiff Farhan Khan ("Khan") is a lawful permanent resident of the United States. Khan currently resides in Douglas County, Nebraska. On January 12, 2004, Khan applied for naturalization with the United States Citizenship and Immigration Services ("USCIS"). On May 13, 2004, USCIS interviewed Khan. On October 22, 2004, the USCIS told Khan that his case remained pending because the FBI had not completed Khan's background check. On January 24, 2007, pursuant to 8 U.S.C. § 1447(b), Khan filed a Petition for Hearing on Naturalization Application. (Filing No. 1). Essentially, Khan asked this Court to exercise subject matter jurisdiction over his naturalization application and conduct a hearing to determine his eligibility to be naturalized as a U.S. citizen. In response, the Defendants filed their Motion to Dismiss or, in the alternative, Motion to Remand.

For the reasons that follow, the Defendants' Motion to Dismiss is denied, and the Motion to Remand to the USCIS is granted.

**ANALYSIS**

I.  **Defendants' Motion to Dismiss Khan's Petition for Lack of Subject Matter Jurisdiction.**

Pursuant to 8 U.S.C. § 1447(b), if there is a failure to make a determination under 8 U.S.C. § 1446 before the end of the 120-day period after the date on which the examination is conducted, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the USCIS to determine the matter. 8 U.S.C. § 1447(b).

The Defendants argue that this Court lacks jurisdiction to decide Khan's petition under § 1447(b) because the naturalization examination is not complete.[1]  The Defendants state that the plain meaning of the word "examination" in the context of the statute contemplates the completion of the entire process of determining the status of an applicant.  The Defendants argue that Khan's criminal background check from the FBI is part of this process and thus, part of his "examination."  In this case, according to the Defendants, the FBI has not completed Khan's criminal background check. Thus, according to the Defendants, the 120-day period has not commenced, and this Court does not have subject matter jurisdiction.

Khan argues that the USCIS completes its "examination" when it finishes interviewing the applicant. Khan argues that the statutes and case law support the conclusion that the "examination" is completed when the USCIS finishes its interview with the applicant. Further, Khan argues that background or security checks are not

---

[1] 8 U.S.C. § 1446 (2007) grants the USCIS authority to investigate and examine applicants.

contemplated as part of the "examination."  In this case, USCIS completed Khan's interview on May 13, 2004.  Thus, according to Khan, because it has been more than 120 days since the completion of his examination, this Court has subject matter jurisdiction.

Case law and a reasonable reading of §§ 1446(b) and 1447(b) support the conclusion that the "examination" is completed when the USCIS finishes its interview of the applicant.  Thus, the 120-day period starts at the completion of the interview.  In arguing that the examination is not complete at the end of the applicant interview, the Defendants rely mainly on *Danilov v Aguirre*, 370 F.Supp.2d 441, 443 (E.D. Va., 2005), wherein the court stated that § 1446(b) "makes clear that an examination is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant.  I do not find the reasoning in *Danilov* persuasive.

A plain reading of §§ 1446(b) and 1447(b) cannot be reconciled with the Defendant's argument that the examination is composed of the entire naturalization process. Section 1446(b) states that "any such employee shall, *at* the examination, inform the applicant of the remedies available." (Emphasis added).  Crucial is the word "at." This indicates that the drafters contemplated  the examination occurring *at* a specific time and specific place.  It is apparent that the drafters considered the examination to be an event and not a process. Moreover, in *El-Daour v Chertoff*, 417 F.Supp.2d 679, 681 (W.D. Pa. 2005), the court noted that § 1447(b) states "the date on which the examination is conducted."  As that court stated, "this contemplates that the examination occurs on a particular, identifiable, date. *Id.*  The process that the Defendant urges this to accept as "the examination" is the consideration of the entire application over many months or years, which simply does not comport with the wording of the statute. *See also, Khelifa v. Chertoff*, 433 F.Supp.2d 836, 842 (E.D.Mich. 2006) (holding that the criminal background

3

check is separate from the "examination" and the 120-day period is not tolled pending its completion.)   Therefore, after considering the language of §§ 1446(b), 1447(b), and persuasive case law, I reject the Defendant's argument that the examination is a process that encompasses the entire naturalization.  I conclude that Khan's examination ended on May 13, 2004, and more than 120 days has passed since the examination.  Accordingly, I find that under § 1447(b) the Court has  subject matter jurisdiction over Khan's naturalization application.

The Defendants' Motion to Dismiss for lack of subject matter jurisdiction is denied.

**II.     Defendants' Motion to Remand Khan's Application to the USCIS**

In the alternative, Defendants argue that this Court should remand Plaintiff's Application to USCIS for adjudication.  In pertinent part,  §1447(b) provides that "[s]uch court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." The Defendants contend that this Court should adopt the same steps as other district court judges have done in cases with similar facts.  However, Khan argues that remand would be a cruel result, because he has waited for three years without a determination of his status.

The view adopted by the *El-Daour* and *Khelifa* courts is persuasive. In *El-Daour*, the court stated that "while I am confident that I have subject matter jurisdiction, I must remand the action to the CIS . . . the FBI has not yet completed the criminal background check. This is a vital piece of information. A court is not equipped to conduct such an investigation." *El-Daour* at 683-684.  Moreover, even where the FBI had completed the background check, the court in *Khelifa* noted that "it is one matter, after all, to ***review*** the results of Plaintiff's background check, but another matter entirely to ***interpret*** these

results." *Khelifa* at 843 (emphasis in original). In the case at hand, the FBI has not completed Khan's criminal background check. This is a crucial piece of information in determining Khan's eligibility for citizenship. As a district court judge, I am not in a position to conduct my own examination of Khan's background. I neither have the resources nor the expertise to complete such a task. On the contrary, this task is best left to the FBI. Further, the USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application. As such, the USCIS is in a better position to review and interpret the results of the FBI background check and to determine the status of Khan's application. Accordingly, the Defendants' motion to remand is granted.

For these reasons,

IT IS ORDERED:

The Motion to Dismiss or Remand filed by the Defendants Alberto Gonzales, *et al.* (Filing No. 14), is denied in part and granted in part, as follows;

1. The motion is denied insofar as it sought dismissal for lack of subject matter jurisdiction;
2. The motion is granted insofar as it sought a remand of this action pursuant to 8 U.S.C. § 1447(b); and
3. This matter is remanded to the United States Citizenship and Immigration Services for a prompt resolution of this matter upon completion of the Plaintiff's background check.

Dated this 29th day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge