IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FARHAN KHAN, | ) | CASE NO. 8:07CV29 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| ALBERTO GONZALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Amend Judgment or for New Trial (Filing No. 20) filed by the Plaintiff, Farhan Khan ("Khan"). Khan is a lawful permanent resident of the United States, currently residing in Douglas County, Nebraska. On January 12, 2004, Khan applied for naturalization with the United States Citizenship and Immigration Services ("USCIS"). On May 13, 2004, USCIS interviewed Khan. On October 22, 2004, the USCIS told Khan that his case remained pending because the FBI had not completed Khan's background check. On January 24, 2007, pursuant to 8 U.S.C. § 1447(b), Khan filed a Petition for Hearing on Naturalization Application. (Filing No. 1). Essentially, Khan asked this Court to exercise subject matter jurisdiction over his naturalization application and conduct a hearing to determine his eligibility to be naturalized as a United States citizen. In response, the Defendants, who include U.S. Attorney General Alberto Gonzales, the Secretary of the Department of Homeland Security, and various directors with the USCIS and the FBI, filed a Motion to Dismiss or, in the alternative, Motion to Remand. (Filing No. 13). On May 29, 2007, the Court denied the

Defendants' Motion to Dismiss but granted the Motion to Remand to the USCIS. (Filing No. 18). On June 7, 2007, Khan filed his Motion to Amend Judgment or for New Trial.[1]

## I. Summary of Memorandum and Order Remanding the Matter to USCIS

In the Defendants' Motion to Dismiss or Remand, two issues were before the Court. First, the Defendants argued for dismissal based on the Court's alleged lack of subject matter jurisdiction. Pursuant to 8 U.S.C. § 1447(b), if the USCIS fails to decide a naturalization application prior to the passing of 120 days from the date on which the USCIS conducts the examination, an applicant may apply to the district court, which may determine the matter or remand it to the USCIS. The Defendants argued that the "examination" is the entire process of determining the status of an applicant and that Khan's background check was part of this process. Thus, because the FBI had not completed the background check, the Defendants argued that the 120-day period had not commenced, and that this Court lacked jurisdiction. After considering the language of Sections 1446(b), 1447(b), and persuasive case law, I rejected the Defendants' argument and found that this Court had subject matter jurisdiction over Khan's naturalization application, but acknowledged that it could be argued that the USCIS "examination" of Khan was premature, given the fact that no FBI background check had been concluded.

Second, the Defendants argued that this Court should remand Khan's application to the USCIS for adjudication. Khan argued that this Court should conduct a hearing to determine his application, because he has waited more than three years without a determination of his status. I granted the Defendants' Motion to Remand because the FBI

---

[1]The Defendants did not respond to Khan's motion.

had not completed Khan's background check, and because I concluded that the FBI was in the best position to perform that function. Regarding the background check, I noted:

> "this is a crucial piece of information in determining Khan's eligibility for citizenship. As a district court judge, I am not in a position to conduct my own examination of Khan's background. I neither have the resources nor the expertise to complete such a task. On the contrary, this task is best left to the FBI. Further, the USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application. As such, the USCIS is in a better position to review and interpret the results of the FBI background check and to determine the status of Khan's application."

Accordingly, I granted the Defendants' Motion to Remand to the USCIS.

## II. Khan's Motion for New Trial

Khan asks this Court for a new trial on the decision to remand the matter to the USCIS. Khan argues that because of the three-year delay in his case, the Court should hear and decide his naturalization application.[2] Khan points to cases from other district courts that have conducted hearings without the benefit of the FBI background check. *See Shalan v. Chertoff*, 2006 WL 3307512 (D. Mass. 2006), and *Astafieva v. Gonzales*, 2007 WL 1031333 (N.D. Ca. 2007). After reviewing legislative history to determine

---

[2] I note that on June 19, 2007, approximately three weeks after the decision in this case, the Court of Appeals for the Fifth Circuit, in *Walji v. Gonzales*, 2007 WL 1747911 (5th Cir. 2007), issued a decision in a similar naturalization application case, which addressed subject matter jurisdiction and the interpretation of "examination" under § 1447(b). To the best of this Court's knowledge, the Fifth Circuit is the only appellate court to interpret "examination" under § 1447(b). In *Walji*, the Fifth Circuit held, on similar facts, "when the CIS examination is premature because the mandatory security investigation is not complete, the 120-day time period of 8 U.S.C. § 1447(b) does not begin to run until CIS receives the FBI's 'definitive response,' described in 8 C.F.R. § 335.2(b)." The rationale behind the Court's holding was that while Congress most likely intended the examination to be a single event that triggered the 120-day time period, Congress also intended that an examination would not take place until completion of the FBI background check.

3

Congressional intent, and other cases construing Section 1447, I do not find Khan's argument persuasive.

A determination of Khan's naturalization application without a completed FBI background check would be premature and would contravene the intent of Congress. In *Walji v. Gonzales*, 2007 WL 1747911, *2 (5th Cir. 2007), the Fifth Circuit Court stated that "Congress clearly intended the FBI's security investigation to occur before [the] examination takes place." Public Law 105-119 supports this position:

> [D]uring fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed.

Immigration Act of 1990, Pub. L. No. 105-119, 111 Stat. 2448-2449.

The logic behind requiring the background check prior to determining an application is readily apparent. The purpose of a background check is to ensure public safety. *See Nagem v. U.S.*, 480 F. Supp.2d at 879. The background check informs the USCIS whether the applicant has a criminal record. *See* 8 C.F.R. § 335.2(b)(1)-(2). It is apparent that Congress considered any determination of an application before completion of a background check to be premature. Thus, because Congress stated that no naturalization application should be determined prior to completion of the criminal background check, which is missing in this case, I am not in a position to conduct a hearing to grant or deny Kahn's application.

Moreover, even if the FBI completed the background check, as the court in *Khelifa v. Chertoff*, 433 F.Supp.2d 836, 843 (E.D.Mich. 2006), noted, "it is one matter, after all, to

*review* the results of Plaintiff's background check, but another matter entirely to *interpret* these results." (emphasis in original).  The representatives at the USCIS, with their extensive knowledge and experience, are in the best position to interpret the results and make an initial determination on an application.

After reconsidering the decision to remand, I conclude that Khan's Motion for New Trial should be denied.

### III. Khan's Motion to Amend Judgment

In the alternative, Khan asks the Court to amend the order and judgment of May 29, 2007.  Specifically, Khan asks the Court to instruct the Defendants to decide his application by a date certain or to require the Defendants to expedite his FBI background check, report to the Court every 30 days as to the status of the check, and to decide the application by a fixed number of days from completion of the check. (Filing No. 21, page 2-3). Khan argues that these instructions are necessary to fulfill the requirement of § 1447(b), that upon remand, the Court give appropriate instructions.  Other district courts have, upon remand to the USCIS, issued similar instructions. *See Kheridden v. Chertoff,* 2007 WL 674707 (D.N.J. 2007) and *Mahd v. Chertoff,* 2007 WL 891867, (D.Colo. 2007).  However, I am not persuaded that the time delay in this case warrants additional instructions.[3]

I understand and am sympathetic to Khan's frustration with the naturalization process.  It is apparent that Khan is eager to enjoy the benefits of citizenship.

---

[3] This case can be distinguished from *Majid v. U.S. Dept. of Homeland Security,* 2007 WL 1725272 (D. Neb. 2007), in which Chief Judge Bataillon set forth additional instruction.  In that case, unlike this case, the record indicated that only one piece of the FBI's background investigation, a fingerprint check, needed to be completed before Majid's application could be resolved.

Unfortunately for Khan, and many others, the process of becoming a U.S. citizen can be long and arduous.  There are no allegations that the FBI has purposefully delayed completing the background check, or that the FBI has discriminated against Khan on any improper basis.  No one disputes that the FBI has many background checks to complete.  These investigations require thoroughness and care, which takes time.  Absent any other allegations besides the three-year delay, I am not inclined to require that the FBI background check be completed by a date certain, nor am I inclined to interfere with the FBI's discretion in establishing its work priorities, which I acknowledge may change on a daily basis depending upon matters such as criminal activity, threats to national security, and changing resources.  I am not persuaded to amend the judgment of May 29, 2007.  Accordingly, Khan's Motion to Amend Judgment is denied.

For these reasons,

IT IS ORDERED:

The Plaintiff's Motion to Amend Judgment or For New Trial  (Filing No. 20) is denied in its entirety.

Dated this 18th day of July, 2007.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge